SAMDIN REALTY COMPANY, PLAINTIFF, v. JOSEPH CHRISTIAN ET AL., DEFENDANTS.

Decided October 6, 1931.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *William Reich.*

*Contra, John C. Stokel.*

PER CURIAM.

This suit was brought to recover moneys alleged to be due upon a promissory note made by one Geza Stamberger for $4,000, dated September 28th, 1928, and payable three months after date to the order of Joseph Christian. The note was endorsed by the latter and by four others, the last one of whom was Louis B. Nagy. The plaintiff company claims that it became the holder of the note in due course and before maturity. The suit was brought against the maker and all of the indorsers. Each of the defendants filed an answer, but when the case came on to be tried none of them appeared except the defendant Nagy. At the close of the trial, all of the defendants except the latter having defaulted, the court directed a verdict against them, and left the question of Nagy's liability to be determined by the jury. In absolute disregard of this instruction, the jury rendered a verdict in favor of all of the defendants, thus demonstrating its unfitness to serve in that capacity.

The only question submitted before us on the present rule to show cause is the propriety of the verdict rendered in favor of the defendant Nagy. His defense was that the note was given to Christian, the payee, as the representative of the plaintiff corporation, and that no consideration passed from it or from Christian to the maker, Stamberger. In support of this defense he called as a witness Stamberger, the maker of the note, who testified that he delivered this note to one Gindin, who was the president of the plaintiff corporation, under a promise on the part of the latter that he would go to Trenton to a bank located there where the plaintiff corporation carried its accounts, have the note discounted and turn over the proceeds thereof to Stamberger for his use;

but that in disregard of his promise, Gindin never did pay over any money to Stamberger, claiming that he was not able to secure a discount of the note. This story of Stamberger's was denied by Gindin, who testified that the note was given in payment of a check and a promissory note made by a corporation of which Stamberger was the president. Our examination of the testimony submitted in the case leads us to the conclusion that it strongly preponderates in favor of the plaintiff's claim that the note was given to the payee as the representative of the plaintiff company in satisfaction of the checks to which we have referred, and not for the purpose of having it discounted for Stamberger's benefit.

This conclusion taken in connection with the manifest unfitness of the jury to sit in the case justified a direction that the present rule to show cause be made absolute. It will be so ordered.